UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Richardson, <br> aka Curtis D. Richardson <br> aka Curtis Dale Richardson, <br>             Petitioner, <br><br> vs. <br><br> Phillip Thompson, <br> Sheriff of Horry County, <br><br>             Respondent. | ) C/A No.  4:15-2638-RBH-TER <br> ) <br> ) <br> ) <br> ) <br> ) REPORT AND RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) |

The petitioner, Curtis Richardson ("Petitioner"), a self-represented pre-trial detainee confined at the J. Reuben Long Detention Center in Conway, South Carolina filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks release from prison on bond. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner alleges that he was arrested in April of 2015 by an Officer Mahon with the Loris Police Department for unlawfully having a pistol in his truck. (Pet., Docket Entry at 3-4). He indicates he was released on a five thousand dollar personal recognizance bond. Id. Thereafter Petitioner alleges that on May 2, 2015, Officer Mahon came to his house and re-arrested him on the same firearm charge. Id. He indicates he eventually was released on a ten thousand dollar bond sometime in early July. Id. Subsequently, on July 29, 2015, Petitioner alleges that he was re-arrested again on the same firearm offense, and that he is being held without bond at the J. Reuben Long Detention Center. Id.

1

It appears from the South Carolina Judicial Department website that Petitioner was arrested on April 14, 2015 on a firearms charge, and was released on a five thousand dollar recognizance bond on April 15, 2015.[1] See Horry County Fifteenth Judicial Circuit Public Index Search website, http:// www4.rcgov.us/publicindex/PISearch.aspx?CourtType=G (search by Petitioner's name and "Search Public Index") (last visited September 29, 2015).[2] This charge remains pending. Id. Petitioner was then arrested on May 3, 2015 on various charges including drugs, resisting arrest, and obstructing justice. Id. He bonded out on these charges, which remain pending, on July 14, 2015. Id. Petitioner was then arrested on August 6, 2015 on drug and firearm charges, which remain pending. It appears that bond was set, but never posted. Thus, Petitioner has apparently been incarcerated in the detention center since approximately August 6, 2015 on the most recent set of charges.

In this action, Petitioner complains that he has been denied his right to a bond in state court. Petitioner alleges that he has been arrested on the same charges three times, which does not appear to be accurate. Finally, Petitioner alleges that bond has not been set after his most recent arrest.(Pet., Docket Entry 11 at 4). In his claim for relief, Petitioner seeks to have this Court order the Horry County Sheriff to release him on a personal recognizance bond, and/or dismiss certain pending charges.( Id. at 5-6.)

---

[1]It also appears the Petitioner was arrested on April 18, 2015 for charges of Criminal Domestic violence.

[2]The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07–3459–PWG, 2008 WL 4848362 at *7 (D.Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Although Petitioner filed this action on a form simply entitled "Petition for wit of habeas corpus," as Petitioner is not attacking a state conviction or sentence, this Court construed Petitioner's habeas petition as being pursuant to 28 U.S.C. § 2241 because the state criminal charges in question are pending. Accordingly, Petitioner was provided a blank court approved Section 2241 Petition which he has completed and returned.

**DISCUSSION**

A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the Rules Governing § 2254 Cases,[3] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

This court is required to liberally construe pro se petitions. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Pro se petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a

---

[3]The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

B.     Analysis

As a general rule, a federal court will not entertain a petition for a writ of habeas corpus filed by a person in state custody, unless that person has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518–19.

To satisfy the exhaustion of state remedies requirement, a state detainee must fairly present

his federal constitutional claims to the highest available state court before seeking relief in federal court. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

The present case is different from most habeas corpus proceedings initiated by individuals in state custody, because petitioner is not challenging a state criminal conviction or sentence, or any other final state court judgment. It is therefore doubtful that petitioner is eligible for habeas corpus relief under 28 U.S.C. § 2254, which is the traditional federal remedy for an individual who is challenging his or her detention by state authorities. See Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir.1987) (detainee's "petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court' "); Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis.1999) ("[s]ection 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges"). However, a state detainee can sometimes seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241, as petitioner has attempted to do here. See Dickerson, 816 F.2d at 224 ("[p]re-trial petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); Hirsch, 66 F.Supp.2d at 986 ("[p]re-judgment habeas relief is available ... under 28 U.S.C. § 2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.1980) ( "district court had

jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"); Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241. Dickerson, 816 F.2d at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir.1975) ("28 U.S.C. § 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."); See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.1981) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the " 'notion of comity' " and "the proper respect for state functions").

     Ordinarily then, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review. However, pretrial petitions for habeas corpus can be properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.' " United States v. Tootle, 65 F.3d

381, 383 (4th Cir.1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.1987)). However, generally "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. Dickerson, 816 F.2d at 226 (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976).

Additionally, in Younger v. Harris, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." "In Younger v. Harris, 401 U.S. 37 (1971) ], the Supreme Court plainly declared that federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir.1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44. "In Younger and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm 'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir.1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

There are few reported cases in which courts have actually found the type of "extraordinary circumstances" that allow for federal interference with ongoing (non-final) state criminal proceedings. Most of those cases involve double jeopardy claims. See e.g., Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir.1992) ("[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of Younger v. Harris," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner

7

asserts an impending state trial violates the Double Jeopardy Clause"), citing Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir.1992); and Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir.1992). In this case, however, petitioner has not presented any credible Double Jeopardy claim. Speedy trial claims may also be reviewable in a pre-trial federal habeas proceeding, but only after exhaustion of state remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Here, petitioner obviously believes that his detainment has not comported with all legal requirements, but he has not shown the type of extreme misconduct that could warrant federal interference in a pending state criminal case. Furthermore, even where there are "extraordinary circumstances" warranting federal habeas review before the entry of a final state court judgment, the petitioner still must show that he has pursued all available state court opportunities to obtain the relief he is seeking. Dickerson, 816 F.2d at 228 (petitioner's speedy trial issue could be reviewed in federal court before trial, "provided that the state courts have had an opportunity to rule on the issue"); Moore, 515 F.2d at 445–46 ("the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts").

Applying the principles outlined herein, it is readily apparent that petitioner is not eligible for federal habeas corpus relief at this time. He has not shown the type of "extraordinary circumstances" that allow for an exception from the Younger rule, which generally bars federal courts from interfering in pending state criminal cases. Furthermore, even if such circumstances could be found here, the present action still would be premature, because petitioner has not yet given the state courts an adequate opportunity to consider the federal constitutional claims that he is attempting to raise on the merits.

Thus, it is recommended that this action be summarily dismissed. However, it will be

recommended that the case be dismissed without prejudice, so that petitioner will be able to return to federal court, if necessary. See Stewart v. Martinez–Villareal, 523 U.S. 637, 644, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (dismissal of first habeas petition without prejudice due to non-exhaustion does not preclude petitioner from filing a later post-exhaustion petition).

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without requiring the respondents to file a return.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 30, 2015
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).