UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Richardson, | ) | Civil Action No.: 4:15-2638-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Phillip Thompson, Sheriff of | ) | |
| Horry County, | ) | |
| | ) | |
| Respondent. | ) | |
| _____) | | |

Petitioner, currently confined at J. Reuben Long Detention Center in Conway, South Carolina and proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2241, in which he seeks to be released on bond.

This matter is before the court with the Report and Recommendation [Docket Entry #22] of Magistrate Judge Thomas E. Rogers, III, filed on September 30, 2015.[1] The Magistrate Judge recommended that Petitioner's petition be summarily dismissed on the basis of failure to exhaust state court remedies and absention under *Younger v. Harris*, 401 U.S. 37 (1971).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02.

Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner alleges three grounds for relief. The first ground relates to an arrest on April 14, 2015 on a firearm charge that is pending in state court and for which he was granted bond. The second ground relates to an arrest for various state charges including drug offenses, resisting arrest, and obstructing justice on May 2, 2015 for which he was granted bond. The petitioner has filed no objections regarding these grounds. The Court has reviewed the Magistrate's Report for clear error and finds none. As noted by the Magistrate Judge, state pretrial detainees must present their constitutional arguments to the state court before seeking a federal writ of habeas corpus. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Also, under the *Younger* absention doctrine, federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. *See Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992).

The third ground of the petition relates to an arrest on July 29, 2015 "for the same possession of firearm charge" and for which Petitioner was denied bond. The petitioner's objections relate to this ground and will be addressed by the Court.

In his objections, Petitioner states that he is a "pre-trial federal and state detainee". (Obj., ECF No. 27, p. 1) He states that he seeks release on bond and dismissal of the federal charges.[2] He states that he was arrested again for the same firearm charge and that he should be given bond in federal court because he was already allowed to be on bond for the same firearms offense in state court. He further asserts: "The fact that Petitioner is being subjected to two (2) bond punishments for the same offense violates the double jeopardy clause." *Id*., p. 4-5.

In the federal charges pending before the undersigned (4:15-cr-492-RBH), the petitioner is represented by counsel and had the opportunity to move for bond and to raise any pertinent constitutional issues.[3] "Principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001), "[W]here habeas claims raised by a pretrial detainee would be dispositive of the pending federal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." *Id*., citing *Moore v. U.S.*, 875 F. Supp. 620, 624 (D.Neb. 1994). The Court also notes that the petitioner is incorrect that he is being subjected to double jeopardy. The Supreme Court has held that the Double Jeopardy Clause is not violated by dual prosecution. *Abbate v. United States*, 359 U.S. 187, 193-94 (1959). "And no law prevents the prosecution of state firearm offenses either before or after a

---

[2] Petitioner does not mention the federal charges in his petition.

[3] The federal magistrate judge held a detention hearing and ordered the petitioner to be detained. This Court reviewed the matter and agreed that pretrial detention was appropriate. (*United States v. Curtis Richardson*, C/A No. 4:15-cr-00492), Docket No. 100.

3

federal criminal prosecution. When a defendant violates both state and federal laws, either the state or the United States or both may prosecute him." *United States v. Nathan*, 202 F.3d 230, 233 (4th Cir. 2000).

Accordingly, having reviewed the record and applicable law, this court finds that the Petitioner has failed to state a cognizable claim for relief under 28 U.S.C. § 2241 and the current petition for writ of habeas corpus should be summarily dismissed.

In conclusion, the court adopts and incorporates by reference the Report and Recommendation [ECF No. 22] of the Magistrate Judge. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina  
November 20, 2015

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Court